IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH** | Lead Case No.: 19-cv-02170 |
| NERMINE KHALIL ABDEMONEIM KHALIL, Individually, and as Special Administrator and Representative of the Estate of NASSER DOUBAN FATHI AL AZAB, deceased, and on behalf of all Surviving Beneficiaries, | **SHORT FORM COMPLAINT AND NOTICE OF ADOPTION OF MASTER COMPLAINT** |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| v. | |
| THE BOEING COMPANY, a Delaware corporation; ROSEMOUNT AEROSPACE, INC., a Delaware corporation; ROCKWELL COLLINS, INC., a Delaware corporation, | |
| Defendants. | |

1

PLAINTIFF, NERMINE KHALIL ABDEMONEIM KHALIL, Individually, and as Special Administrator and Special Representative of the Estate of NASSER DOUBAN FATHI AL AZAB, deceased, COMPLAINS OF THE DEFENDANTS AND EACH OF THEM AS FOLLOWS:

1. Plaintiff refers to and incorporates herein by reference the Master Complaint, and any and all later amendments thereto, filed in IN RE ETHIOPIAN AIRLINES FLIGHT ET 302 CRASH, as though fully set forth herein. Plaintiff hereby adopts the Master Complaint and agrees to be bound by any rulings with respect to the pleadings of the Master Complaint.

2. Plaintiff adopts each of the general allegations of the Master Complaint except for those paragraph numbers set forth here, if any: N/A

## CLAIMS AGAINST DEFENDANTS

3. Plaintiff brings those Counts, as applicable, against each of the Defendants in the Master Complaint checked below:

☒ THE BOEING COMPANY

☒ ROSEMOUNT AEROSPACE, INC.

☒ ROCKWELL COLLINS, INC.

4. Plaintiff incorporates by reference each of the Counts in the Master Complaint checked below:

*As* against THE BOEING COMPANY:

☒ Count One for Negligence

☒ Count Two for Breach of Warranty

☒ Count Three for Strict Liability

☒ Count Four for Failure to Warn

*As against ROSEMOUNT AEROSPACE, INC.:*

☒ Count Five for Negligence

☒ Count Six for Strict Liability

☒ Count Seven for Breach of Warranty

*As against ROCKWELL COLLINS, INC.:*

☒ Count Eight for Negligence

☒ Count Nine for Strict Liability

☒ Count Ten for Breach of Warranty

### PLAINTIFFS' INFORMATION:

4. Decedent, NASSER DOUBAN FATHI AL AZAB, was an individual who was killed in the crash of Ethiopian Airlines Flight ET 302 on March 10, 2019.

5. The following Plaintiffs are heirs, beneficiaries, and/or next of kin of Decedent, or other persons entitled to bring an action for the wrongful death of Decedent, and bring the causes of action alleged herein:

    NERMINE KHALIL ABDEMONEIM KHALIL, wife of the Decedent and Special Administrator of Decedent's Estate entitled to bring wrongful death claims on behalf of all surviving beneficiaries.

6. Plaintiff is a resident of Egypt. Plaintiff's decedent was a resident of Egypt.

7. Decedent's Estate is represented in the following capacity:

☒ NERMINE KHALIL ABDEMONEIM KHALIL is the Special Representative of the Estate of Decedent and is authorized to bring an action on behalf of the Decedent's Estate. Plaintiff was appointed as the Decedent's Special Representative on September 14, 2020.

☐ Other (please describe):

_____.

### PLAINTIFFS' DAMAGES:

8. Plaintiffs request the relief checked below:

3

All past and future general and compensatory damages in an amount according to proof at trial, including the following:

- ☒ For Decedent's conscious and physical pain and suffering, fright and terror, fear of impending and imminent death, mental anguish, and emotional distress, in an amount according to proof at trial.
- ☒ For past and future loss of support and services in money or in kind, in an amount according to proof at trial.
- ☒ For past and future loss of consortium, love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, advice, tutelage, and guidance, in an amount according to proof at trial.
- ☒ For past and future grief, emotional distress, and sorrow, in an amount according to proof at trial.
- ☒ For funeral expenses, burial expenses, estate administration expenses, and other related expenses in an amount according to proof at trial.
- ☒ For expenses for the identification and/or transportation of Decedent's remains, according to proof at trial.
- ☒ For all property losses, in an amount according to proof at trial.
- ☒ For attorneys' fees, costs and other damages as permitted under applicable laws.
- ☒ For punitive and exemplary damages in an amount according to proof at trial;
- ☒ For pre- and post-judgment interest on all damages as allowed by the law.
- ☒ For all costs of suit incurred herein.
- ☒ For such other and further relief as the Court shall deem just and proper.
- ☐ Other (specify):

_____

_____

**ADDITIONAL ALLEGATIONS, IF ANY**

4

9. Decedent NASSER DOUBAN FATHI AL AZAB, is survived by his wife, NERMINE KHALIL ABDEMONEIM KHALIL, and his two sons, Omar Nasser Fathy Al Azab Doban and Youssef Nasser Fathy Al Azab Doban. Nasser was a Chief Client Relationship Officer at Network International, a leading payments solution company serving more than 220 financial institutions across Africa and the Middle East. Nasser was traveling to Nairobi on board Flight 302 on a business trip to meet with a bank in Kenya.

Nasser was a devoted husband and proud father to his sons. Nermine, Omar and Youssef have suffered a terribly from the loss of Nasser, and this loss is compounded by the circumstance the crash and how easily the defendants could have prevented it from occurring. Nasser's death, the manner in which he died and the cause of his death have caused his surviving family severe grief and mental harm, in addition to the loss of their father and husband's consortium, companionship, services, and support.

The manner in which Nasser died is particularly distressing due to the terrifying nature of his final moments. Shortly after take-off the aircraft began making noticeably unusual, alarming and uncomfortable movements in response to the erroneous AOA sensor and MCAS activations. During the last several minutes before ET-302 crashed, Nasser experienced violent oscillations of the aircraft which resulted in his fear of impending death as well as physical and mental pre-death pain and suffering. Ultimately, Nasser was exposed to extreme forces as the aircraft dove down towards the ground at speeds approaching 600 miles per hour during which time Nasser surely knew he was about to die.

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury as to all claims in this action.

DATED: Chicago, Illinois
October 21, 2020

/s/ Todd A. Smith

5

Todd A. Smith
Brian LaCien
SMITH LACIEN, LLP
70 West Madison, Suite 5770
Chicago, IL 60602
Tel: 312-509-8900
Email: tsmith@smithlacien.com
Email: blacien@smithlacien.com

KREINDLER & KREINDLER LLP
Justin T. Green,
Anthony Tarricone
Brian J. Alexander
Daniel O. Rose
Megan W. Benett
Vincent C. Lesch
750 Third Avenue
New York, NY 10017
Tel: 212-687-8181
Email: jgreen@kreindler.com
Email: atarricone@kreindler.com
Email: balexander@kreindler.com
Email: drose@kreindler.com
Email: mbenett@kreindler.com
Email: vlesch@kreindler.com